MJP/2026R00129

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon.  Esther Salas |
| | : | |
| v. | : | Crim. No. 26- 184 |
| | : | |
| CHEUNGKIN LAM, | : | 18 U.S.C. § 1349 |
| a/k/a "Kelvin" | : | 18 U.S.C. § 1005 |
| | : | 18 U.S.C. § 2 |

## I N F O R M A T I O N

The defendant having waived in open court prosecution by Indictment, and any challenges based on venue, the United States charges:

## COUNT ONE
### (Conspiracy to Commit Wire Fraud Affecting a Financial Institution)

### Background

1.     Unless otherwise indicated, at all times relevant to Count One:

a.     Defendant Cheungkin Lam, a/k/a "Kelvin" ("LAM"), lived in Flushing, New York.

b.     TD Bank, N.A. ("TD Bank"), was a financial institution as defined in Title 18, United States Code, Section 20, whose deposits were insured by the Federal Deposit Insurance Corporation.

c.     LAM was a Financial Service Representative at a TD Bank branch in Fresh Meadows, New York.

### The Conspiracy

2.     From in or around January 2021 through in or around May 2021, the defendant,

**CHEUNGKIN LAM,**
**a/k/a "Kelvin,"**

did knowingly and intentionally conspire and agree with others to devise a scheme

and artifice to defraud, which would affect a financial institution, namely TD Bank,

and to obtain money and property by means of materially false and fraudulent

pretenses, representations, and promises, and for the purpose of executing such

scheme and artifice to defraud, transmitted and caused to be transmitted by means

of wire communications in interstate and foreign commerce certain writings, signs,

signals, pictures, and sounds, contrary to Title 18, United States Code, Section 1343.

## Goal of the Conspiracy

3.     The goal of the conspiracy was for defendant LAM and his co-

conspirators to unlawfully enrich themselves by fraudulently gaining access to and

stealing money from customers' accounts at TD Bank.

## Manner and Means of the Conspiracy

4.     It was part of the conspiracy that:

a.     LAM used his TD Bank employee credentials to identify TD Bank

accounts with large balances, including by making unauthorized inquiries into

customers' bank accounts and sending emails to supervisors and managers at TD

Bank seeking monthly "large balance reports."

b.     In exchange for bribes totaling approximately $146,000, LAM

shared confidential bank account information with his co-conspirators for numerous

TD Bank customers, including "Individual-1."

2

c.      LAM's co-conspirators used confidential bank account information provided by LAM to gain access and control of certain TD Bank customer accounts and unlawfully withdraw funds from those accounts.

d.      For example, on or about March 8, 2021, and March 9, 2021, LAM's co-conspirators unlawfully used information provided by LAM to access and conduct multiple transfers, withdrawals, and bank check purchases using Individual-1's account.   In total, LAM's co-conspirators unlawfully withdrew at least approximately $417,300 from Individual-1's TD Bank account.  TD Bank incurred the loss by later reimbursing Individual-1's account.

e.      In total, LAM and his co-conspirators attempted to steal at least approximately $6,535,631.83 and successfully stole at least approximately $3,386,794.07 from TD Bank customers' accounts.

In violation of Title 18, United States Code, Section 1349.

3

## COUNT TWO
(Making False Bank Entries)

5.     The allegation in paragraph 1(a) of this Information is realleged here.

6.     Unless otherwise indicated, at all times relevant to Count Two:

a.     Financial Institution-1 was a financial institution as defined in Title 18, United States Code, Section 20, whose deposits were insured by the Federal Deposit Insurance Corporation.

b.     Co-conspirator Edward Low, a/k/a "Mang Wah Low," a/k/a "Eddie Low" ("Low"), was an employee in the Sales and Services Department at a Financial Institution-1 branch in New York, New York.

7.     In or around May 2022, LAM provided Low with a bribe to open a business bank account ("Bank Account-1") at Financial Institution-1, even though LAM and Low knew both that Individual-2, who was not present at the account opening, was falsely listed as the accountholder and authorized signer and that the business in whose name the account was opened, Late Night Bistro Inc, was not engaged in legitimate business.

8.     Bank Account-1 was subsequently used by co-conspirators to receive and launder proceeds from various fraud schemes, which resulted in losses of at least approximately $47,195 for Victim-1. LAM kept a fee of approximately $9,000.

9.     From in or around May 2022 through in or around August 2022, the defendant,

4

**CHEUNGKIN LAM,**
**a/k/a "Kelvin,"**

with intent to injure and defraud a national bank, namely Financial Institution-1,

and to deceive officers of Financial Institution-1, made and caused others, including

Low, to make false entries in books, reports, or statements of such bank.

In violation of Title 18, United States Code, Sections 1005 and 2.

## FORFEITURE ALLEGATION

Upon conviction of conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349, as charged in Count One of this Information, or upon conviction of making false bank entries, in violation of 18 U.S.C. § 1005, as charged in Count Two of this Information, the defendant,

**CHEUNGKIN LAM,**
**a/k/a "Kelvin,"**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of such violations.

## SUBSTITUTE ASSETS PROVISION

If any of the property described above, as a result of any act or omission of the defendant:

a) cannot be located upon the exercise of due diligence;

b) has been transferred or sold to, or deposited with, a third party;

c) has been placed beyond the jurisdiction of the court;

d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

ROBERT FRAZER
United States Attorney


_____

MARK J. PESCE
Assistant U.S. Attorney

_____

MARGARET A. MOESER
Chief, Money Laundering, Narcotics
and Forfeiture Section
United States Department of Justice


Approved:

*/s/ R. David Walk, Jr.*
R. David Walk, Jr.
Deputy U.S. Attorney

7